OPINION
{¶ 1} Dennis Walker, defendant-appellant, was convicted by a jury of one count of safe cracking in violation of R.C. 2911.31, and one count of possessing criminal tools in violation of R.C. 2923.24. He appeals asserting the following assignment of error:
The jury verdict was not supported by sufficient evidence and was against the manifest weight of the evidence. As a result, Appellant was denied due process protections under the state and federal Constitutions.
 {¶ 2} Officer Richard Weiner of the Columbus Police Department was engaged in targeting parking lots and parking garages on March 18, 2004. He was engaged in this task because there had been a recent string of car break-ins at these locations. At about 9:40 a.m., he was situated on the top of a five-story parking garage in the vicinity of a surface lot in the area of North Fifth and East Gay Streets in Columbus, Ohio. At the time, his attention was directed to appellant who was walking or pacing back and forth on East Gay Street by the surface parking lot. As he observed appellant, he saw appellant count money and put it in a wallet in his pocket. Appellant then walked up to a steel meter box anchored to a post containing slots for customers to insert money when they parked in the lot. The box is steel and anchored securely for security. The steel collection box was clearly visible to Officer Weiner. Appellant looked around as though he were determining whether someone was watching him and then knelt down in front of the lock box. Appellant had objects in his hands which resembled tongs. Appellant inserted the objects into money slots and brought something out which appeared to be money and placed it in his wallet. As appellant commenced walking away, Officer Weiner called for back-up and Officer Fletcher Farr, a bicycle patrolman, arrived at the scene. Officer Weiner never lost visual contact with appellant who was apprehended a short time later by Officer Farr who arrested him based on the information he had received from Officer Weiner. On conducting a search instant to the arrest, Officer Farr found two flat metal rods about five inches long in appellant's pocket. He also discovered a wallet in appellant's pocket that contained 16 one-dollar bills. Although the money and metal rods were identified by Officer Farr as exactly like those items taken from appellant at the time of his arrest, they were not marked. Officer Farr was unable to establish a chain of custody and the trial court refused to admit the objects into evidence. Nevertheless, the observations of the officers were sufficient to constitute proof of their description and existence.
 {¶ 3} Mr. Winning, area manager for Parking Solutions, which operated the surface parking lot in question, testified that part of his duties were to check and collect money from coin boxes including those at the surface lot at North Fifth and East Gay Streets. Upon receiving a call from the police that morning, he went to the lot and found that there were four coin slots that had no payment in them. He stated that it was uncommon that customers failed to make payment to park in that particular lot. The parking fee was $4 per space and he found that $16 was missing from the lock box. He stated that he had seen appellant in that area but that appellant did not have permission to take money from the box. There was no physical evidence of tampering.
 {¶ 4} Appellant offered no evidence.
 {¶ 5} Appellant was convicted of safe cracking in violation of R.C.2911.31 which provides, as follows:
(A) No person, with purpose to commit an offense, shall knowingly enter, force an entrance into, or tamper with any vault, safe, or strongbox.
 {¶ 6} Appellant was also convicted of possessing criminal tools in violation of R.C. 2923.24 which provides, as follows:
(A) No person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally.
 {¶ 7} There was no objection to the instructions of the trial court which appropriately defined the requirements of the statutes to the jury.
 {¶ 8} The sole assignment of error is that the jury verdict was not supported by sufficient evidence and was against the manifest weight of the evidence.
 {¶ 9} In State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, the Supreme Court of Ohio has set forth the following test for judging the sufficiency of the evidence: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rationale trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
 {¶ 10} In determining whether a verdict is against the manifest weight of the evidence, the reviewing court sits as a "thirteenth juror." Statev. Thompkins (1997), 78 Ohio St.3d 380, 387. The reviewing court should review the entire record, weigh the evidence and all reasonable inferences, and consider the credibility of the witnesses to determine "whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id. Reversing a conviction as being against the manifest weight of the evidence is one reserved for only the most "exceptional case in which the evidence weighs heavily against the conviction." Id.
 {¶ 11} Applying those tests to the evidence in this case, we find that appellant's conviction for both offenses was supported by sufficient evidence and was not against the manifest weight of the evidence.
 {¶ 12} Officer Weiner observed appellant insert the tong-like metal objects into the lock box as if he were trying to pry something out. Officer Weiner also observed appellant extract something from the lock box which appeared to be money which appellant placed into his wallet. Certainly a reasonable juror could find that the tong-like instruments which were found in appellant's pocket were used as criminal tools for the purpose of obtaining money from the locked strongbox and that appellant carried those tongs with purpose to use them criminally. It is not necessary that Officer Weiner observe appellant remove all 16 of the missing dollars from the slots, as R.C. 2911.31 only requires tampering with the strongbox with the purpose to commit an offense. Jurors could reasonably find that appellant was observed extracting money from the box.
 {¶ 13} Appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Petree and McGrath, JJ., concur.
McCormac, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.